[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14941
Non-Argument Calendar
_____

D.C. Docket No. 8:12-cr-00159-RAL-EAJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ADAM HERNANDEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 5, 2013)

Before CARNES, BARKETT and ANDERSON, Circuit Judges.

PER CURIAM:

Adam Hernandez appeals his 60-month sentence, imposed after he pled guilty to attempting to possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(ii)(II), and 846. On appeal, he argues that his sentence was both procedurally and substantively unreasonable.

We normally review all sentences for reasonableness under the deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007). The government correctly notes that Hernandez failed to object to the reasonableness of his sentence before the district court. Where a party fails to object to an error or ruling, we normally review only for plain error. *See United States v. Olano*, 507 U.S. 725, 731-32, 113 S. Ct. 1770, 1776 (1993).

## I. Procedural Reasonableness

First, Hernandez argues that, despite his presentation of 18 U.S.C. § 3553(a) factors in mitigation, the district court failed to address or consider those factors during sentencing. He contends that the court's bare assertion that it had considered the § 3553(a) factors was insufficient to demonstrate that the factors had been considered in his specific case.

A sentence may be procedurally unreasonable if the district court failed to accurately calculate the guideline range, treated the Guidelines as mandatory, failed to consider the § 3553(a) factors, selected a sentence based on clearly

2

erroneous facts, or failed to adequately explain the reasons for the sentence.  *Gall*, 552 U.S. at 51, 128 S. Ct. at 597.  However, the district court need not discuss or explicitly state on the record that it has considered each § 3553(a) factor.  *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005).  Instead, an acknowledgment by the district court that it considered the defendant's arguments, the circumstances of the offense, and the § 3553(a) factors suffices.  *Id.* at 1329-30.  Where a case is conceptually simple, and the record makes clear that the sentencing judge considered the evidence and the arguments, the judge is not required to further elaborate on his sentencing decision.  *See Rita v. United States*, 551 U.S. 338, 358-59, 127 S. Ct. 2456, 2469 (2007) (holding that the sentencing judge's brief explanation was legally sufficient because the context and record made it clear that, in imposing sentence, the judge listened to each argument and considered supporting evidence).

Here, Hernandez fails to demonstrate that his sentence is procedurally unreasonable.  Although he argues that the district court did not consider the § 3553(a) factors as they relate to his case, the court did consider Hernandez's arguments, the circumstances of the offense, and the § 3553(a) factors.  *See Scott*, 426 F.3d at 1329-30.  The court acknowledged that it had specifically considered the arguments in Hernandez's sentencing memorandum, commented that it considered Hernandez's case to be very serious due to the large amount of cocaine

3

involved, found that the crime was not impulsive but instead well-planned, and explicitly stated that it had considered the § 3553(a) factors. The district court was not required to discuss each factor. *Id.* at 1329. Because many of the § 3553(a) factors were concededly inapplicable, the case was conceptually simple, and the record made clear that the sentencing judge considered the evidence and the defendant's arguments. *See Rita*, 551 U.S. at 358-59, 127 S. Ct. at 2469. Accordingly, Hernandez's sentence was not procedurally unreasonable.

## II. Substantive Reasonableness

Hernandez also contends that his sentence was substantively unreasonable because the district court solely focused on the need to punish and impermissibly failed to consider the § 3553(a) factors brought forth in mitigation. He argues that the court exclusively focused on the specifics of the offense—the large quantity of cocaine—which rendered his sentence substantively unreasonable.

After we determine that a sentence is procedurally reasonable, we examine whether the sentence imposed is substantively reasonable in light of the totality of the circumstances. *United States v. Livesay*, 525 F.3d 1081, 1091 (11th Cir. 2008). The party challenging the sentence bears the burden of establishing that the sentence is unreasonable in light of the record and the § 3553(a) factors. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).

4

Pursuant to § 3553(a), the sentencing court shall impose a sentence "sufficient, but not greater than necessary," to comply with the purposes of sentencing. 18 U.S.C. § 3553(a). The purposes of sentencing include the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter criminal conduct, protect the public from future crimes of the defendant, and provide needed medical care or other correctional treatment in the most effective manner. *Id.* § 3553(a)(2). The sentencing court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, and the applicable guideline range. *Id.* § 3553(a)(1), (3)-(4).

The weight to be accorded to any given § 3553(a) factor is a matter left to the district court's discretion, and we will not substitute our judgment in weighing the relevant factors. *United States v. Langston*, 590 F.3d 1226, 1237 (11th Cir. 2009). The district court's attachment of great weight to a single factor is not necessarily reversible error, although a district court's unjustified reliance upon any single § 3553(a) factor may be a "symptom" of an unreasonable sentence. *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008). Although we do not automatically presume the reasonableness of a sentence falling within the guideline range, we ordinarily expect such a sentence to be reasonable. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008). A sentence well below the

statutory maximum is another indicator of reasonableness.  *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).  We vacate a sentence only if "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (quotation omitted).

Hernandez has not met his burden of showing that his 60-month guideline sentence was substantively unreasonable in light of the record and the § 3553(a) factors.  *See Talley*, 431 F.3d at 788.  There is nothing in the record to indicate that the court unjustifiably relied upon any single § 3553(a) factor so as to impose an unreasonable sentence.  *See Williams*, 526 F.3d at 1322.  To the extent that Hernandez asks us to reweigh the § 3553(a) factors, we will not do so.  *See Langston*, 590 F.3d at 1237.  Hernandez's 60-month sentence fell near the bottom of his 57 to 71-month guideline range, and we ordinarily expect such a sentence to be reasonable.  *See Hunt*, 526 F.3d at 746.  Finally, the fact that his sentence fell far below the 40-year statutory maximum is another indicator of reasonableness. 21 U.S.C. § 841(b)(1)(B)(ii)(II); *see also Gonzalez*, 550 F.3d at 1324.  Thus, we cannot say that the district court imposed a sentence outside the range of

reasonable sentences in light of the totality of the circumstances. *See Irey*, 612 F.3d at 1190.

### III. Conclusion

In conclusion, Hernandez's sentence was both procedurally and substantively reasonable, and we affirm.

**AFFIRMED.**